Ryan M. Best, WSBA 33672
Best Law PLLC
905 W. Riverside, Suite 409
Spokane, WA 99201
Phone: (509) 624-4422
Fax: (509) 703-7957
Email: ryan.best@bestlawspokane.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TRI-CITY RAILROAD COMPANY, LLC, a Washington limited liability company<br><br>            Plaintiff,<br><br>vs.<br><br>PREFERRED FREEZER SERVICES OF RICHLAND, LLC, a Delaware limited liability company,<br>            Defendant. | Case No. 2:19-cv-00045<br><br>**AMENDED COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**<br><br>**JURY DEMAND** |

  **COMES NOW** the Tri-City Railroad Company, LLC, through its attorney

Ryan M. Best of Best Law PLLC, and by way of Complaint, allege as follows:

### I.    PARTIES, JURISDICTION, AND VENUE

1.1    Tri-City Railroad Company, LLC is a Washington limited liability company,

and at the time of filing this pleading, had its principal place of business and

headquarters located within the Eastern District of Washington.

AMENDED COMPLAINT FOR
DAMAGES AND DECLARATORY
RELIEF

JURY DEMAND - 1

1.2   Tri-City Railroad Company, LLC maintains an office at 409 W. Riverside, Suite 304 in Spokane, Washington.

1.3   Preferred Freezer Services of Richland, LLC is a limited liability company organized under the laws of Delaware.

1.4   Because of Defendant's actions, Tri-City Railroad Company, LLC incurred damages, suffered losses of income.

1.5   Damages and losses to Tri-City Railroad Company, LLC occurred and incurred in the Eastern District of Washington.

1.6   Preferred Freezer Services of Richland, LLC owns and operates a frozen food warehouse facility located in the Eastern District of Washington.

1.7   Preferred Freezer Services of Richland, LLC's tortious actions occurred in the Eastern District of Washington.

1.8   This civil action seeks the recovery of damages and remedies as a result of violations of contract and tort law.

1.9   This Court has jurisdiction over this action under 28 U.S.C. § 1331 and under 28 U.S.C. § 1332.

1.10  Venue is proper in the Eastern District of Washington under 28 U.S.C. § 1391(b) and (c).

AMENDED COMPLAINT FOR
DAMAGES AND DECLARATORY
RELIEF

JURY DEMAND - 2

1.11    This court has supplemental jurisdiction over state law claims under 28 U.S.C. § 1367.

## II.    FACTS

2.1    Plaintiff re-alleges and incorporates herein, all allegations set forth in paragraphs 1.1 through 1.11 above.

2.2    Tri-City Railroad Company, LLC ("Tri-City Railroad") and Preferred Freezer Services of Richland, LLC ("Preferred Freezer") executed a Rail Service Management and Track Use Agreement ("Agreement") on January 22, 2016. A true and correct copy of the Agreement is attached as Exhibit 1.

2.3    Tri-City Railroad and Preferred Freezer executed an amendment to the Contract entitled Amendment to Rail Service and Track Use Agreement ("Amendment") on March 4, 2016. A true and correct copy of the Amendment is attached as Exhibit 2. For convenience the Agreement and Amendment will be collectively identified as the "Contract."

2.4    Lamb Weston Holdings, Inc. ("Lamb Weston") is a shipping company that was previously allowed by Preferred Freezer to use the tracks in violation of the exclusive use clause of the Contract. A picture of the tracks is attached as Exhibit 3.

AMENDED COMPLAINT FOR
DAMAGES AND DECLARATORY
RELIEF

JURY DEMAND - 3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

2.5   Attached as <u>Exhibit 4</u> is a true and correct copy of a photograph showing rail cars that Preferred Freezer has allowed to use the tracks in violation of Tri-City Railroad's exclusive use rights under the Contract.

2.6   On January 29, 2019 Preferred Freezer declined to produce contracts between Preferred Freezer and Lamb Weston for track use by Lamb Weston or its agents, contractors, and assigns.

2.7   Preferred Freezer claimed that documents related to Lamb Weston's use of the tracks are "business confidential" documents.

2.8   Preferred Freezer does not deny the existence of contracts with Lamb Weston and potentially others for the use of tracks on which Tri-City Railroad has exclusive use rights.

2.9   On January 29, 2019 Preferred Freezer acknowledged the Contract was "the only contract of relevance."

2.10   On January 29, 2019 Preferred Freezer asserted to Tri-City Railroad that Tri-City Railroad is no longer a common carrier.

2.11   Preferred Freezer asserted on January 29, 2019 to Tri-City Railroad that Tri-City Railroad is no longer operating a railroad.

AMENDED COMPLAINT FOR
DAMAGES AND DECLARATORY
RELIEF

JURY DEMAND - 4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

2.12  Tri-City Railroad is a rail carrier operating as a common carrier under the Surface Transportation Board ("STB") and a Common Carrier under the laws of Washington.

2.13  Tri-City Railroad was found by the STB to be a common carrier in a decision rendered on September 12, 2016.

2.14  Upon information and belief, Preferred Freezer's mistaken belief that Tri-City Railroad is not a common carrier comes from the Port of Benton County ("POB") and City of Richland ("COR") as part of POB's and COR's ongoing campaign of retaliation against Tri-City Railroad.

2.15  Tri-City Railroad provided a $250,000 credit to Preferred Freezer in January 2016 in exchange for the Contract.

2.16  Tri-City Railroad provided another $250,000 credit to Preferred Freezer in March 2016 in exchange for the Contract.

2.17  These financial credits granted to Preferred Freezer constitute valid consideration for these agreements.

2.18  Section 4(a) of the January Agreement grants Tri-City Railroad exclusive use of the tracks.

AMENDED COMPLAINT FOR
DAMAGES AND DECLARATORY
RELIEF

JURY DEMAND - 5

2.19 Based on statements made by Preferred Freezer, Preferred Freezer has separately leased the tracks to which it gave Tri-City Railroad exclusive use rights, to Lamb Weston and others.

## III.   CAUSES OF ACTION

### A. First Declaratory Judgment

3.1   Plaintiff re-alleges and incorporates by reference paragraphs 1.1 through 2.19 of this Complaint as if fully set forth herein.

3.2   Tri-City Railroad seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 and the Uniform Declaratory Judgments Act, RCW Chapter 7.24, that the Contract grants Tri-City Railroad exclusive use of Preferred Freezer's tracks and that Preferred Freezer materially breached the Contract.

### B. Second Declaratory Judgment

3.3   Plaintiff re-alleges and incorporates by reference paragraphs 1.1 through 3.2 of this Complaint as if fully set forth herein.

3.4   Tri-City Railroad, pursuant to the Contract granting Tri-City Railroad the ability to charge railroad car owners, seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 and the Uniform Declaratory Judgments

AMENDED COMPLAINT FOR
DAMAGES AND DECLARATORY
RELIEF

JURY DEMAND - 6

1

2

3

4

5

Act, RCW Chapter 7.24, to enforce this clause of the Contract. If car

owners do not pay for services, they may be denied services by Tri-City

Railroad, and this denial is not a breach by Tri-City Railroad in regard to

the Contract with Preferred Freezer.

**C. Third Declaratory Judgment**

6

7

8

9

10

3.5   Plaintiff re-alleges and incorporates by reference paragraphs 1.1 through

3.4 of this Complaint as if fully set forth herein.

3.6   Tri-City Railroad, pursuant to the Contract requiring Preferred Freezer to

cooperate in good faith to accommodate the reasonable business needs of

11

12

13

14

15

16

17

Tri-City Railroad and to accomplish the purposes of this Contract, seeks

a declaratory judgment pursuant to 28 U.S.C. § 2201 and the Uniform

Declaratory Judgments Act, RCW Chapter 7.24, to enforce this clause of

the Contract. This duty includes the duty to facilitate payment by car

owners to Tri-City Railroad to facilitate efficient rail service.

**D. Fourth Declaratory Judgment**

18

19

20

21

22

23

24

25

3.7   Plaintiff re-alleges and incorporates by reference paragraphs 1.1 through

3.6 of this Complaint as if fully set forth herein.

3.8   Tri-City Railroad seeks a declaratory judgment that Preferred Freezer

must indemnify Tri-City Railroad in any suit related to this Contract,

AMENDED COMPLAINT FOR
DAMAGES AND DECLARATORY
RELIEF

JURY DEMAND - 7

particularly but not limited to, actions by car owners being charged for serviced rendered by Tri-City Railroad on the track on which Tri-City Railroad is providing services and has exclusive use pursuant to the Contract.

**E. Breach of Contract – Exclusive Use**

3.9    Plaintiff re-alleges and incorporates by reference paragraphs 1.1 through 3.8 of this Complaint as if fully set forth herein.

3.10    A contract existed between Tri-City Railroad and Preferred Freezer.

3.11    Preferred Freezer has acknowledged that the Contract is the only contract between Tri-City Railroad and Preferred Freezer.

3.12    Preferred Freezer does not dispute that the Contract grants exclusive use of the railroad track to Tri-City Railroad.

3.13    Preferred Freezer has breached the Contract by leasing out the use of the same track directly to Lamb Weston after execution of the Contract.

3.14    Tri-City Railroad has suffered damages as a result of this breach of the Contract by Preferred Freezer.

3.15    Preferred Freezer breached the Contract by violating the exclusive use provision and by failing to cooperate with Tri-City Railroad in good faith to facilitate rail car owner payments to Tri-City Railroad for services.

AMENDED COMPLAINT FOR
DAMAGES AND DECLARATORY
RELIEF

JURY DEMAND - 8

1

3.16  Tri-City Railroad seeks damages for these contractual breaches.

2

**F.  Breach of Contract – Breach of Duty of Good Faith and Fair Dealing**

3

4

3.17  Plaintiff re-alleges and incorporates by reference paragraphs 1.1 through

5

3.16 of this Complaint as if fully set forth herein.

6

3.18  Inherent in every contract, including the Contract made between Tri-City

7

Railroad and Preferred Freezer, there is an implied duty for all parties to

8

cooperate and act fairly and refrain from bad faith activities in order to

9

ensure that each party obtains the full benefit of performance.

10

3.19  This duty is also explicitly outlined in section 13 of the Agreement.

11

12

3.20  Preferred Freezer violated its duty of good faith and fair dealing when it

13

violated the Contract by allowing Lamb Weston to use the tracks in

14

exchange for rent payments and not facilitating efficient rail service and

15

payment by rail car owners to Tri-City Railroad.

16

3.21  Tri-City Railroad has suffered damages as a result of Preferred Freezer's

17

18

breach of the Contract by violating its duty of good faith and fair dealing.

19

**G. Tortious Interference with Contract**

20

3.22  The Plaintiff re-alleges and incorporates by reference paragraphs 1.1

21

22

through 3.21 of this Complaint as if fully set forth herein.

23

24

25

AMENDED COMPLAINT FOR
DAMAGES AND DECLARATORY
RELIEF

JURY DEMAND - 9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

3.23   A contract existed between Tri-City Railroad and Preferred Freezer granting Tri-City Railroad exclusive use rights to the trackage.

3.24   Preferred Freezer tortiously interfered with the Contract in order to collect rent payments from Lamb Weston and potentially others violating the exclusive use clause.

3.25   Preferred Freezer had a duty to not to interfere with the Contract.

3.26   Preferred Freezer interfered with the Contract for an improper purpose to prevent Tri-City Railroad from charging car owners, and to rent to third-parties, track which Tri-City Railroad has exclusive use.

3.27   Preferred Freezer's tortious interference caused damages to Tri-City Railroad.

**H. Trespass**

3.28   Plaintiff re-alleges and incorporates by reference paragraphs 1.1 through 3.27 of this Complaint as if fully set forth herein.

3.29   Tri-City Railroad has property interest in its exclusive usage rights.

3.30   Preferred Freezer caused, enabled, or materially contributed to the intentional or negligent trespass on Tri-City Railroad's property interest.

3.31   Tri-City Railroad has suffered damages as a result of this trespass.

AMENDED COMPLAINT FOR
DAMAGES AND DECLARATORY
RELIEF

JURY DEMAND - 10

1

**RELIEF REQUESTED**

2

WHEREFORE, the plaintiffs pray for relief as follows:

3

4

1. Declaratory judgment that the Contract grants Tri-City Railroad exclusive use of Preferred Freezer's track pursuant to the Contract;

5

6

2. Declaratory judgment that Preferred Freezer materially breached the Contract;

7

8

3. Declaratory judgment that the Contract grants Tri-City Railroad the ability to charge railroad car owners without interference violating the Contract with Tri-City Railroad;

9

10

11

12

4. Declaratory judgment that the Contract required Preferred Freezer to cooperate in good faith to accommodate the reasonable business needs of Tri-City Railroad and to accomplish the purposes of the Contract.

13

14

15

16

5. Damages for tortious interference with the Contract;

17

6. Damages for breach of the Contract for violating Tri-City Railroad's exclusive use of the track and materially breaching the Contract;

18

19

7. Damages for breach of the Contract for violating its duty of good faith and fair dealing;

20

21

22

8. Damages for trespass;

23

9. Damages for nuisance;

24

25

AMENDED COMPLAINT FOR
DAMAGES AND DECLARATORY
RELIEF

JURY DEMAND - 11

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

10. An award of compensatory damages in favor of Tri-City Railroad to be established at trial; and

11. An award of Tri-City Railroad's attorney's fees and costs pursuant to section 14 of the Agreement.

## JURY DEMAND

Plaintiff hereby requests a jury trial in this matter, for all matters triable by jury.

Dated this 7th day of February 2019.

**BEST LAW, PLLC**

*/Ryan M. Best*

Ryan M. Best
Best Law PLLC
905 W. Riverside, Suite 409
Spokane, WA 99201
Telephone: (509) 624-4422
Email: ryan.best@bestlawspokane.com

AMENDED COMPLAINT FOR
DAMAGES AND DECLARATORY
RELIEF

JURY DEMAND - 12