UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TRI-CITY RAILROAD COMPANY, LLC, a Washington limited liability company<br><br>Plaintiff,<br><br>vs.<br><br>PREFERRED FREEZER SERVICES OF RICHLAND, LLC, a Delaware limited liability company<br><br>Defendant. | NO. 2:19-cv-00045<br><br>**DEFENDANT PREFERRED FREEZER SERVICES OF RICHLAND, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**<br><br>**COUNTERCLAIM OF DEFENDANT PREFERRED FREEZER SERVICES OF RICHLAND, LLC** |

Defendant Preferred Freezer Services of Richland, LLC ("Defendant") admits, denies, and alleges as follows in response to the Amended Complaint of Tri-City Railroad Company, LLC ("Plaintiff"):

## **ANSWER**

1. Defendant lacks information and belief at this time sufficient to admit or deny the allegations of Paragraph Nos. 1.1 and 1.2, and on that basis denies them.

2. Defendant admits the allegations of Paragraph No. 1.3.

3. Defendant denies each and every allegation of Paragraph Nos. 1.4 and 1.5.

DEFENDANT PREFERRED FREEZER SERVICES OF RICHLAND, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT; COUNTERCLAIM OF DEFENDANT PREFERRED FREEZER SERVICES OF RICHLAND, LLC - 1

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

4. In response to Paragraph No. 1.6, Defendant admits that it operates a frozen food warehouse facility located in the Eastern District of Washington. Except as expressly admitted, Defendant denies each and every allegation contained in Paragraph No. 1.6.

5. In response to Paragraph No. 1.7, Defendant denies that it has committed any tortious actions against Plaintiff in the Eastern District of Washington or otherwise.

6. Paragraph No. 1.8 is a legal assertion which requires no response from Defendant. To the extent Paragraph No. 1.8 requires a response, Defendant denies that it has violated contract or tort law, or that it owes damages or any remedy to Plaintiff.

7. Defendant lacks information and belief at this time sufficient to admit the allegations of Paragraph Nos. 1.9 through 1.11, inclusive, and on that basis denies each and every allegation contained in Paragraph Nos. 1.9 through 1.11.

8. In response to Paragraph No. 2.1, Defendant re-alleges its responses to Paragraph Nos. 1.1 through 1.11, inclusive, as if set forth in full herein.

9. Defendant admits the allegations contained in Paragraph Nos. 2.2 and 2.3.

10. Defendant denies each and every allegation contained in Paragraph Nos. 2.4 and 2.5.

11. Paragraph Nos. 2.6 and 2.7 presume the existence of a contract between Defendant and Lamb Weston for track use by Lamb Weston or its agents, contractors, and assigns. Defendant denies that any such contract exists. Defendant asserts that the contracts between itself and Lamb Weston are "confidential" business documents with no bearing on this dispute.

12. In response to Paragraph No. 2.8, Defendant denies that it entered into any contract with Lamb Weston or anyone for the use of tracks at Defendant's facility in Richland, WA, before terminating the Agreement with Plaintiff because of Plaintiff's violation of the Agreement.

DEFENDANT PREFERRED FREEZER SERVICES OF RICHLAND, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT; COUNTERCLAIM OF DEFENDANT PREFERRED FREEZER SERVICES OF RICHLAND, LLC - 2

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

13. In response to Paragraph No. 2.9, Defendant admits that it acknowledged the Agreement and Amendment between Plaintiff and Defendant as "the only contract of relevance."

14. Defendant admits the allegations of Paragraph Nos. 2.10 and 2.11.

15. Defendant lacks information and belief at this time sufficient to admit or deny the allegations contained in Paragraph Nos. 2.12 through 2.14, inclusive, and on that basis denies them.

16. Defendant denies each and every allegation contained in Paragraph Nos. 2.15 and 2.16.

17. Paragraph No. 2.17 contains a statement of law which requires no response from Defendant. To the extent that Paragraph No. 2.17 requires a response, Defendant denies each and every allegation contained therein.

18. In response to Paragraph No. 2.18, the Agreement and Amendment speak for themselves on this issue. To the extent Paragraph No. 2.18 conflicts with the Agreement and Amendment, Defendant denies the allegations contained therein.

19. Defendant denies each and every allegation contained in Paragraph No. 2.19.

20. In response to Paragraph No. 3.1, Defendant re-alleges its responses to Paragraph Nos. 1.1 through 2.19, inclusive, as if set forth in full herein.

21. Paragraph No. 3.2 is a statement of law which requires no response from Defendant. To the extent Paragraph No. 3.2 requires a response, Defendant denies that Plaintiff is entitled to the relief sought herein.

22. In response to Paragraph No. 3.3, Defendant re-alleges its responses to Paragraph Nos. 1.1 through 3.2, inclusive, as if set forth in full herein.

23. Paragraph No. 3.4 is a statement of law which requires no response from Defendant. To the extent Paragraph No. 3.4 requires a response, Defendant denies that Plaintiff is entitled to the relief sought herein.

DEFENDANT PREFERRED FREEZER SERVICES OF RICHLAND, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT; COUNTERCLAIM OF DEFENDANT PREFERRED FREEZER SERVICES OF RICHLAND, LLC - 3

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

24. In response to Paragraph No. 3.5, Defendant re-alleges its responses to Paragraph Nos. 1.1 through 3.4, inclusive, as if set forth in full herein.

25. Paragraph No. 3.6 is a statement of law which requires no response from Defendant. To the extent Paragraph No. 3.6 requires a response, Defendant denies that Plaintiff is entitled to the relief sought herein.

26. In response to Paragraph No. 3.7, Defendant re-alleges its responses to Paragraph Nos. 1.1 through 3.6, inclusive, as if set forth in full herein.

27. Paragraph No. 3.8 is a statement of law which requires no response from Defendant. To the extent Paragraph No. 3.8 requires a response, Defendant denies that Plaintiff is entitled to the relief sought herein.

28. In response to Paragraph No. 3.9, Defendant re-alleges its responses to Paragraph Nos. 1.1 through 3.8, inclusive, as if set forth in full herein.

29. In response to Paragraph No. 3.10, Defendant admits that the Agreement and Amendment existed prior to Defendant terminating it. Defendant denies that the agreement contains all required elements necessary for a valid and enforceable contract. Defendant denies the remaining allegations contained in Paragraph No. 3.10.

30. In response to Paragraph No. 3.11, Defendant admits that it had characterized the Agreement and Amendment as "the only contract of relevance". Except as expressly admitted, Defendant denies each and every allegation contained in Paragraph No. 3.11.

31. In response to Paragraph No. 3.12, the Agreement and Amendment speak for themselves on this issue. To the extent the allegations in Paragraph No. 3.12 conflict with the Agreement and Amendment they are expressly denied.

32. In response to Paragraph Nos. 3.13 through 3.16, inclusive, Defendant denies each and every allegation contained therein.

DEFENDANT PREFERRED FREEZER SERVICES OF RICHLAND, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT; COUNTERCLAIM OF DEFENDANT PREFERRED FREEZER SERVICES OF RICHLAND, LLC - 4

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

33.     In response to Paragraph No. 3.17, Defendant re-alleges its responses to Paragraph Nos. 1.1 through 3.16, inclusive, as if set forth in full herein.

34.     Paragraph No. 3.18 is a statement of law which requires no response from Defendant. To the extent that Paragraph 3.18 seeks to extend the implied covenant of good faith and fair dealing beyond the four corners of the Agreement and Amendment, Defendant denies any and all such allegations. Defendant otherwise denies the allegations contained in Paragraph No. 3.18.

35.     In response to Paragraph 3.19, Defendant acknowledges that Paragraph 13 of the Agreement addresses a duty of good faith and cooperation, the language of such will speak for itself. To the extent the allegations in Paragraph 3.19 conflict with the Agreement, they are expressly denied.

36.     In response to Paragraph Nos. 3.20 and 3.21, Defendant denies each and every allegation contained therein, and denies that Plaintiff has been damaged by any actions of Defendant, as alleged.

37.     In response to Paragraph No. 3.22, Defendant re-alleges its response to Paragraph Nos. 1.1 through 3.21, inclusive, as if set forth in full herein.

38.     In response to Paragraph No. 3.23, the Agreement and Amendment speak for themselves on this issue. To the extent the allegations in Paragraph No. 3.23 conflict with the Agreement and Amendment, they are expressly denied.

39.     In response to Paragraph Nos. 3.24 through 3.27, inclusive, Defendant denies each and every allegation contained therein, and any damages to Plaintiff.

40.     In response to Paragraph No. 3.28, Defendant re-alleges its response to Paragraph Nos. 1.1 through 3.27, inclusive, as if set forth in full herein.

41.     Paragraph No. 3.29 contains a statement of law which requires no response from Defendant. To the extent Paragraph No. 3.29 requires a response, Defendant admits that Plaintiff

DEFENDANT PREFERRED FREEZER SERVICES OF RICHLAND, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT; COUNTERCLAIM OF DEFENDANT PREFERRED FREEZER SERVICES OF RICHLAND, LLC - 5

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

has certain rights under the Agreement and Amendment, the language of which speak for themselves. To the extent the allegations in Paragraph 3.29 conflict with the language of the Agreement and Amendment, or seek to add additional language thereto, they are expressly denied.

42. In response to Paragraph Nos. 3.30 and 3.31, Defendant denies each and every allegation contained therein.

43. In response to the Relief Requested, Defendant denies that Plaintiff is entitled to any relief or recovery from it.

## **AFFIRMATIVE DEFENSES**

By way of further answer, and without admitting any of the allegations set forth in the complaint, except as expressly admitted above, defendant further states and alleges:

1. Plaintiff's claims are barred, in whole or in part, because Plaintiff fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate its damages.

3. Plaintiff's claims are barred, in whole or in part, because Plaintiff seeks an improper advisory opinion.

4. Plaintiff's claimed damages, if any, are barred, in whole or in part, to the extent they were caused or contributed to by Plaintiff's own acts and omissions.

5. Plaintiff's claims are barred, in whole or in part, to the extent any recovery would be contrary to public policy.

6. Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff seeks damages that are not properly recoverable under the theories set forth in the Complaint.

7. Plaintiff's claims are barred, in whole or in part, to the extent they seek an interpretation of the Contract from the Court that is contrary to the Contract.

DEFENDANT PREFERRED FREEZER SERVICES OF RICHLAND, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT; COUNTERCLAIM OF DEFENDANT PREFERRED FREEZER SERVICES OF RICHLAND, LLC - 6

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

8. Plaintiff's claims are barred, in whole or in part, to the extent they are barred by the applicable statute of limitation.

9. Plaintiff's claims are barred, in whole or in part, because the contract alleged lacks all essential elements necessary for a valid and enforceable contract and the contract at issue is therefore void and unenforceable.

10. Even assuming, *in arguendo*, that the contract at issue is valid, Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to satisfy all its obligations under the Agreement and Amendment.

11. Plaintiff's alleged damages, if any, were caused, in whole or in part, by actions and/or omissions of third parties that Plaintiff failed to name in this litigation.

12. Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to join necessary parties, including third parties whose acts and/or omissions caused plaintiff's damages, if any.

13. Defendant reserves the right to amend its Answer and to raise any and all additional affirmative defenses, counterclaims, and cross-claims which may be available to it under Washington law and in equity, pending the outcome of further investigation and discovery.

## **COUNTER-CLAIM**

Defendant/Counter-Claimant, Preferred Freezer Services of Richland, LLC ("Counter-Plaintiff"), states and alleges its Counter-Claims against Plaintiff/Counter-Defendant Tri-City Railroad Company, LLC ("Counter-Defendant"), as follows:

### **I.    PARTIES AND JURISDICTION**

1. Tri-City Railroad Company, LLC ("Counter-Defendant") is a Washington limited liability company conducting business in Richland, Washington.

2. Preferred Freezer Services of Richland, LLC ("Counter-Plaintiff") is a Delaware limited liability company doing business in Richland, Washington.

DEFENDANT PREFERRED FREEZER SERVICES OF RICHLAND, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT; COUNTERCLAIM OF DEFENDANT PREFERRED FREEZER SERVICES OF RICHLAND, LLC - 7

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

3.      The acts and omissions that are alleged herein took place in Richland, Washington.

3.      Assuming jurisdiction for Plaintiff's claims, this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1332.

4.      Assuming venue is appropriate for Plaintiff's claims, venue is proper in the Eastern District of Washington under 28 U.S.C. § 1391(b) and (c).

## II.    RELEVANT FACTS

3.      Counter-Defendant and Counter-Plaintiff executed a Rail Service Management and Track Use Agreement on January 22, 2016 in Richland, Washington (the "Agreement").

4.      Section 3 of the Agreement (attached to Plaintiff's complaint) identifies various duties of Counter–Defendant including, but not limited to, management and control of all railcar activities at Counter-Plaintiff's Richland, Washington facility to achieve efficient rail operation, including loading and unloading of railcars.

5.      Counter-Defendant failed to perform its duties under Section 3 of the Agreement, creating an adverse flow of rail car traffic at Counter-Plaintiff's facility.

6.      Following unsuccessful attempts by Defendant to address the dispute between Counter-Plaintiff and Counter-Defendant with respect to the management and control of the railcar activities at its Richland facility, Counter-Plaintiff terminated the Agreement and Amendment on February 5, 2019.

7.      Counter-Plaintiff has been damaged by Plaintiff's breach of its duties under the Agreement and the resulting termination thereof, in an amount to be determined at trial.

8.      Counter-Plaintiff has satisfied its obligations under the Agreement.

### COUNTER-CLAIM – BREACH OF CONTRACT

11.     Counter-Plaintiff repeats and re-alleges the foregoing paragraphs of its Counter-Claims, as though fully set forth herein.

DEFENDANT PREFERRED FREEZER SERVICES OF RICHLAND, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT; COUNTERCLAIM OF DEFENDANT PREFERRED FREEZER SERVICES OF RICHLAND, LLC - 8

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

12. Counter-Plaintiff and Counter-Defendant executed an Agreement.

13. Counter-Defendant failed to satisfy its obligations under the Agreement.

14. Counter-Defendant's failure to satisfy its obligations under the Agreement constitutes a breach of the Agreement.

15. Counter-Plaintiff performed all of its obligations under the Agreement.

16. Counter-Defendant's breach has caused damage to Counter-Plaintiff, in an amount to be determined at trial.

## COUNTER-PLAINTIFF'S PRAYER FOR RELIEF

WHEREFORE, Counter-Plaintiff requests the following relief:

1. That Counter-Defendant's claims against Counter-Plaintiff be dismissed with prejudice and without costs;

2. That Counter-Plaintiff be awarded its damages on its counterclaims;

3. That Counter-Plaintiff be awarded its costs and reasonable attorney's fees herein;

4. That Counter-Plaintiff be indemnified and held harmless from any claims made by or on behalf of Counter-Defendant based on contribution, apportionment and/or indemnification; and

5. That Counter-Plaintiff be granted such other relief as this Court may deem just and proper.

DATED this 22nd day of February, 2019.

GORDON & REES SCULLY MANSUKHANI, LLP

*/s/ Mark B. Tuvim*
Mark B. Tuvim, WSBA No. 31909
Attorneys for Defendant Preferred Freezer Services of Richland, LLC
mtuvim@grsm.com

DEFENDANT PREFERRED FREEZER SERVICES OF RICHLAND, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT; COUNTERCLAIM OF DEFENDANT PREFERRED FREEZER SERVICES OF RICHLAND, LLC - 9

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

# CERTIFICATE OF SERVICE

I certify under penalty of perjury under the laws of the State of Washington that on this date I filed the foregoing document with the Clerk of the Court which sent an automatic CM/ECF email to all counsel of record as listed below:

**Attorney for Plaintiff**
Ryan M. Best
Best Law PLLC
905 W. Riverside, Suite 409
Spokane, WA 99201
Ryan.best@bestlawspokane.com

Dated this 22nd day of February 2019.

                                        */s/ Angela M. Kendrick*
                                        Angela M. Kendrick

CERTIFICATE OF SERVICE  – 1

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

8011114_Transition/43570248v.1