UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TRI-CITY RAILROAD COMPANY, LLC, a Washington limited liability company<br><br>                            Plaintiff,<br><br>       vs.<br><br>PREFERRED FREEZER SERVICES OF RICHLAND, LLC, a Delaware limited liability company<br><br>                            Defendant. | NO. 2:19-cv-00045<br><br>**PREFERRED FREEZER SERVICES OF RICHLAND, LLC'S MOTION FOR INJUNCTIVE RELIEF**<br><br>Hearing date: May 8, 2019<br>Without Oral Argument |

## I.     RELIEF REQUESTED AND INTRODUCTION

Defendant Preferred Freezer Services of Richland, LLC ("Preferred Freezer") respectfully requests an injunction compelling Plaintiff Tri-City Railroad Company, LLC ("Plaintiff") to remove its three full-size locomotives and a switching locomotive (collectively, the "Equipment") from Preferred Freezer's cold storage warehouse facility located at 2800 Polar Way, Richland, WA (the "Property").

Preferred Freezer has requested three times that Plaintiff remove the Equipment from its Property. Plaintiff has not responded to any of these requests. Without an injunction compelling its removal, the Equipment will remain on Preferred Freezer's Property and continue to infringe upon Preferred Freezer's right to exclusive possession of its Property.

MOTION FOR INJUNCTIVE RELIEF - 1

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

### III.    RELEVANT FACTS

Plaintiff agreed to manage and control the rail function at Preferred Freezer's Property, including the movement of all railcars, securing railcars for loading, and the associated administrative services for freight rail movement. ECF No. 1-1. Plaintiff agreed to "use its best effort to achieve an efficient rail operation on the tracks for Preferred [Freezer]'s loading and unloading of the railcars." ECF 1-1. Preferred Freezer permitted Plaintiff to store its Equipment at the Property to provide these services. *Declaration of Ed Gottschalk in Support of Preferred Freezer's Motion for Injunctive Relief*, ¶4.

Preferred Freezer terminated Plaintiff's services on February 5, 2019 for failing to provide uninterrupted service and adversely affecting the flow of rail car traffic at the Property. *Declaration of Elizabeth K. Morrison in Support of Preferred Freezer's Motion for Injunctive Relief*, ¶ 3, Ex. A; *Declaration of Ed Gottschalk in Support of Preferred Freezer's Motion for Injunctive Relief*, ¶3. Preferred Freezer requested three time – on February, 5, February 8, and March 13, 2019 – that Plaintiff remove its Equipment from the Property. *Id.* at ¶3, Ex. A; ¶4, Ex. B; ¶5, Ex. C. As of the date of this Motion, Plaintiff has failed to remove its Equipment from Preferred Freezer's Property, or even to respond to the requests. *Declaration of Ed Gottschalk,* at ¶4. Rather, Plaintiff pled its intent to seek monetary damages related to Preferred Freezer's apparent retention of the Equipment on Preferred Freezer's Property against Plaintiff's wishes. *See Declaration of Elizabeth K. Morrison in Support of Preferred Freezer's Motion for Injunctive Relief*, at ¶6, Ex. D; *see also* ECF 12 at 3-4.

### IV.    ISSUE PRESENTED

Should the Court issue an Order compelling Plaintiff to remove its Equipment from Preferred Freezer's Property?

MOTION FOR INJUNCTIVE RELIEF - 2

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

## V.    EVIDENCE RELIED ON

Preferred Freezer relies upon the Declaration of Ed Gottschalk, the Declaration of Elizabeth K. Morrison, and the pleadings on file with this Court in this matter.

## ARGUMENT AND AUTHORITY

### A.    An Injunction Compelling Plaintiff to Remove its Equipment from Preferred Freezer's Property is Necessary to Protect Preferred Freezer's Property Interest.

A movant must prove the following to obtain injunctive relief: (1) a clear legal or equitable right, (2) a well-grounded fear of immediate invasion of that right, and (3) an actual and substantial injury as a result. *Isthmian S.S. Co. v. Nat'l Marine Engineers' Benefit Ass'n*, 41 Wn.2d 106, 117, 247 P.2d 549 (1952). "While utmost care and caution are to be observed in the exercise of the jurisdiction, and while the relief sought is to be granted only upon a clear showing of necessity in order to afford immediate protection of a complainant's right, yet, when these essentials have been satisfied, it is the duty of the court to exercise its equity power and grant the necessary relief." *Blanchard v. Golden Age Brewing Co.*, 188 Wash. 396, 416, 63 P.2d 397 (1936).

Trespass is an intrusion onto the property of another that interferes with the other's right to exclusive possession. *Bradley v. American Smelting & Ref. Co.*, 104 Wn.2d 677, 690-91, 709 P.2d 782 (1985). A court may issue an injunction to prevent a trespass. *Hedlund v. White*, 67 Wn. App. 409, 418, 836 P.2d 250 (1992). An injunction is appropriate to prevent damage to real property. *Vander Vate v. Watson*, 19 Wn.2d 68, 71, 140 P.2d 964 (1943).

Preferred Freezer owns the Property. *Declaration of Ed Gottschalk in Support of Preferred Freezer's Motion for Injunctive Relief*, ¶3. Plaintiff's Equipment is located on Preferred Freezer's Property. *Id.* Preferred Freezer requested Plaintiff remove its Equipment at least three times. *Id.; Declaration of Elizabeth K. Morrison in Support of Preferred Freezer's*

MOTION FOR INJUNCTIVE RELIEF - 3

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

*Motion for Injunctive Relief*, ¶ 3, Ex. A; ¶4, Ex. B; ¶5, Ex. C.  Plaintiff refuses to recover its Equipment from Preferred Freezer's Property (even though Plaintiff is now asserting damages for their deprivation of its use).  Plaintiff's refusal to remove its Equipment from Preferred Freezer's Property constitutes trespass and is interfering with Preferred Freezer's right to exclusive possession of its Property.  An injunction is necessary and appropriate to protect Preferred Freezer's property rights.

Preferred Freezer is also exposed to an increasing risk of monetary damages the longer Plaintiff refuses to move its Equipment from Preferred Freezer's Property.  On February 7, 2019, Plaintiff suggested that Preferred Freezer might be responsible for damage to the locomotive engines caused by them remaining on Preferred Freezer's Property.  *See Declaration of Elizabeth K. Morrison in Support of Preferred Freezer's Motion for Injunctive Relief,* ¶6, Ex. D.  Plaintiff's also allege that they are entitled to an "offset" by "Preferred Freezer's continued possession of TCRY property." ECF 12 at 4.  An injunction is necessary to prevent Preferred Freezer's continued exposure for Plaintiff's voluntary inaction.

### B. Preferred Freezer Seeks to Minimize Any Potential Liability for What Plaintiff Apparently Believes is the Holding of its Equipment Against Plaintiff's Will.

Despite Preferred Freezer's three requests that Plaintiff remove the Equipment from the Property, Plaintiff apparently believes that Preferred Freezer is holding the Equipment hostage against Plaintiff's wishes, and Plaintiff has pled its entitlement based thereon to an offset from damages in Preferred Freezer's counterclaim.  Accordingly, Preferred Freezer does not anticipate an opposition by Plaintiff to this motion.

## VI.    CONCLUSION

Preferred Freezer seeks an Order from this Court to compel Plaintiff to remove its Equipment from the Property in order to protect Preferred Freezer's exclusive right to possess

MOTION FOR INJUNCTIVE RELIEF - 4

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

its Property. This will also minimize any claim Plaintiff feels that it has for Preferred Freezer's retention of its Equipment against Plaintiff's will. Alternatively, Preferred Freezer requests an Order authorizing it to remove the Equipment from its Property, at Plaintiff's expense.

DATED this 8th day of April, 2019.

GORDON & REES SCULLY MANSUKHANI, LLP

*s/Elizabeth K. Morrison*
Elizabeth K. Morrison, WSBA No. 43042
Mark B. Tuvim, WSBA No. 31909
Attorneys for Defendant Preferred Freezer Services of Richland, LLC
mtuvim@grsm.com
emorrison@grsm.com

MOTION FOR INJUNCTIVE RELIEF - 5

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

8011114_Transition\44310815v.1

## CERTIFICATE OF SERVICE

I certify under penalty of perjury under the laws of the State of Washington that on this date I filed the foregoing document with the Clerk of the Court which sent an automatic CM/ECF email to all counsel of record as listed below:

**Attorney for Plaintiff**
Ryan M. Best
Best Law PLLC
905 W. Riverside, Suite 409
Spokane, WA 99201
Ryan.best@bestlawspokane.com

Dated this 8th day of April 2019.

                                      */s/ Angela M. Kendrick*
                                      Angela M. Kendrick

CERTIFICATE OF SERVICE – 1

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822