Ryan M. Best, WSBA 33672
Best Law PLLC
905 W. Riverside, Suite 409
Spokane, WA 99201
Phone: (509) 624-4422
Fax: (509) 703-7957
Email: ryan.best@bestlawspokane.com

The Honorable Stanley A. Bastian

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TRI-CITY RAILROAD COMPANY, LLC, a Washington limited liability company<br><br>Plaintiff,<br><br>vs.<br><br>PREFERRED FREEZER SERVICES OF RICHLAND, LLC, a Delaware limited liability company,<br>Defendant. | Case No. 2:19-cv-00045<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO PREFERRED FREEZER SERVICES OF RICHLAND, LLC'S MOTION FOR INJUNCTIVE RELIEF** |

## I. INTRODUCTION

This Court should deny Preferred Freezer's Motion for Injunctive Relief because Preferred Freezer has brought a federal motion in a federal court, but failed to follow federal procedures and did not cite a single federal rule, statute, or federal holding that would allow this Federal Court to abandon the precedent for federal procedures under *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817 (1938).

PLAINTIFF'S RESPONSE IN OPPOSITION TO
PREFERRED FREEZER SERVICES OF RICHLAND,
LLC'S MOTION FOR INJUNCTIVE RELIEF - 1

Preferred Freezer did not plead for injunctive relief as a counter-claim nor did Preferred Freezer list injunctive relief in its prayer for relief. SOF ¶ 15. Instead of researching, citing, and analyzing the four factors that thousands of federal courts have required to grant injunctive relief, Preferred Freezer cited the three factors that the State Courts in Washington use for granting injunctive relief.

If this Court chooses not to use the federal four-factor test for granting injunctive relief used by thousands of other federal courts, then this Court should deny Preferred Freezer's Motion for Injunctive relief because Preferred Freezer has not established any of the elements for injunctive relief as required by Washington State Law. If this Court were to grant Preferred Freezer's motion notwithstanding the well-established principles, this Court must require Preferred Freezer to post a substantial bond pursuant to RCW 7.40.080 and CR 65(c).

## II.  SUMMARY OF UNCONTROVERTED FACTS

Pursuant to LR 56.1, Plaintiff filed herewith a STATEMENT OF MATERIAL FACTS NOT IN DISPUTE (hereinafter "SOF") setting forth a detailed disclosure of relevant events. Unless otherwise noted, terms not defined herein are defined in the SOF.

## III. ARGUMENT AND AUTHORITY

**A. This Court should deny Preferred Freezer's Motion for Injunctive Relief because TCRY has Exclusive Use of the trackage and Preferred Freezer cannot interfere with TCRY exercising its Right to Exclusive Use.**

"When the exclusive use of a thing is granted, the thing itself is by such terms conveyed." *W. Union Tel Co v. W. & Atl. R Co.*, 91 U.S. 283, 288, 23 L. Ed. 350 (1875). "Exclusivity is established when . . . a group shows that it used and occupied the land to the *exclusion* of other . . . groups. *Native Vill. of Eyak v. Blank*, 688 F.3d 619, 623 (9th Cir. 2012) (citing *United States v. Pueblo of San Ildefonso,* 513 F.2d 1383, 1394 (Ct.Cl.1975)).

Preferred Freezer granted TCRY exclusive use of the trackage as well as access to the trackage 24 hours per day, seven days per week. SOF ¶ 2 & 9. Pursuant to the expressed terms of the Agreement between Preferred Freezer and TCRY, TCRY performed all of the car handling exercises on the trackage, including the handling of cars for Preferred Freezer, BNSF, and UP. SOF ¶ 19. In exchange for TCRY's services, Preferred Freezer (until the Amendment modified the Agreement's terms) made payments to TCRY. BNSF and UP also paid TCRY for services rendered on the trackage. SOF ¶¶ 7-8.

Tri-City Railroad's Operations Manager, Jose Romero, in his declaration, has testified that he made himself available to BNSF and UP 24 hours per day, 7 days per week in order to communicate and accommodate car-handling operations on the

trackage, since only Tri-City Railroad had the ability to perform such maneuvers on the trackage. SOF ¶ 19.

The expressed language of the contract is not ambiguous, however should this Court look to the course of dealings between Preferred Freezer and Tri-City Railroad, the Court must conclude that since the Agreement between Preferred Freezer and Tri-City Railroad was signed on January 22, 2016, both Preferred Freezer and Tri-City Railroad have interpreted the exclusivity clause in the Agreement to mean that Tri-City Railroad was the only entity allowed to perform car-handling maneuvers on the trackage and that Tri-City Railroad was allowed to charge for its services. ¶¶ 1-9.

Because the course of dealings between Preferred Freezer and Tri-City Railroad establishes Tri-City Railroad's exclusive use of the trackage, this Court should deny Preferred Freezer's Motion for Injunctive Relief.

**B. This Court should deny Preferred Freezer's Motion for Injunctive Relief because it has not cited, analyzed, nor met any of the factors to grant injunctive relief.**

"[A] plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; 3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is

warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 156–57, 130 S. Ct. 2743, 2756, 177 L. Ed. 2d 461 (2010) (quoting *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391, 126 S.Ct. 1837 (2006)).

### 1. Irreparable Injury

Preferred Freezer has not alleged that it will, or could, suffer irreparable injury as a result of Tri-City Railroad Company, LLC ("TCRY") leaving its locomotives on the trackage on which TCRY maintains exclusive use. SOF ¶ 14. Preferred Freezer also does not own the land it claims to own. SOF ¶ 18.

Because Preferred Freezer has failed to demonstrate any past or potential future injuries as a result of the locomotives being on the trackage, Preferred Freezer cannot demonstrate to this Court that any such injury could be irreparable. Therefore, this Court must find that Preferred Freezer has not satisfied the first factor.

### 2. Remedies available at law, such as monetary damages, are inadequate to compensate for that injury.

Preferred Freezer has not alleged that it will, or could, suffer any injury as a result of TCRY leaving its locomotives on the trackage of which TCRY maintains exclusive use. SOF ¶ 14.

Because Preferred Freezer has not shown that it has suffered any injury whatsoever, Preferred Freezer cannot demonstrate to this Court that monetary

damages would not be sufficient to remedy any such injury and as a result, this Court should find that Preferred Freezer has not satisfied the second factor. SOF ¶17.

### 3. Considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted.

Preferred Freezer has not alleged any hardship as a result of TCRY storing locomotives on trackage of which TCRY maintains exclusive use. SOF ¶ 14. TCRY however is suffering financial hardship every day that TCRY cannot exercise its exclusive right to operate the trackage. SOF ¶ 12.

Because only TCRY has expressed any hardship in this matter, this Court should find that the third factor weighs in favor of TCRY.

### 4. Public interest would not be disserved by a permanent injunction per *Monsanto*.

Preferred Freezer has not presented this Court with any information to show that public interest would not be disserved by a permanent injunction. SOF ¶ 14.

Preferred Freezer has not demonstrated that the public interest will not be disserved and the silence of Preferred Freezer on this matter does not shift the burden of showing public interest would not be disserved to TCRY.

Because Preferred Freezer has not presented this Court with any evidence to demonstrate that public interest would not be impacted by an injunction, this Court should find that Preferred Freezer has not satisfied the fourth factor.

Preferred Freezer did not plead for injunctive relief as a counter-claim nor did Preferred Freezer list injunctive relief in its prayer for relief. Instead of researching, citing, and analyzing the four factors that thousands of federal courts have required to grant injunctive relief and as a result, this Court should deny Preferred Freezer's Motion for Injunctive Relief.

C. **If this Court decides instead to apply the State Law test then pursuant to Washington State Law, this Court should deny Preferred Freezer's Motion for Injunctive Relief because Preferred does not meet the criteria to allow injunctive relief.**

1. **Preferred Freezer does not have a clear legal or equitable right to use of the trackage.**

An injunction "will not issue in a doubtful case." *Tyler Pipe Indus., Inc. v. State, Dep't of Revenue*, 96 Wn.2d 785, 793, 638 P.2d 1213, 1217 (1982) (quoting *Isthmian S.S. Co. v. National Marine Eng'rs' Beneficial Ass'n*, 41 Wash.2d 106, 117, 247 P.2d 549 (1952)). When a party has "not made the requisite showing of a likelihood of success on the merits . . . [that party] has not established a clear legal or equitable right." (*See Tyler Pipe Indus., Inc. v. State, Dep't of Revenue*, 96 Wn.2d 785, 794, 638 P.2d 1213, 1218 (1982)).

TCRY owns the legal and equitable rights of exclusive use of the trackage on Preferred Freezer's property. SOF ¶¶ 2 & 9. In TCRY's Complaint for Damages, which is still pending, TCRY seeks declaratory judgment on this fact. SOF ¶¶ 10 & 13.

PLAINTIFF'S RESPONSE IN OPPOSITION TO
PREFERRED FREEZER SERVICES OF RICHLAND,
LLC'S MOTION FOR INJUNCTIVE RELIEF - 7

Until the issue regarding the ownership of legal and equitable rights regarding the trackage has been established by this Court, Preferred Freezer cannot show a likelihood of success, and therefore has not established a clear legal or equitable right. SOF ¶ 16.

**2. Preferred Freezer cannot have an immediate fear of invasion of a right that Preferred Freezer does not have.**

A party is not entitled to injunctive relief when predicating its request for injunctive relief on a right that the party does not have. (*See Citizens For Fair Share v. State Dep't of Corr.*, 117 Wash. App. 411, 436, 72 P.3d 206, 219 (2003)).

Because Preferred Freezer has not established a legal and equitable right to the trackage on its property, it is impossible for Preferred Freezer to demonstrate an immediate fear of violation of that right. SOF ¶¶ 11 &15.

Pursuant to the agreement between TCRY and Preferred Freezer, TCRY has the exclusive right to use the trackage, which provides only TCRY with the right to store railcars or locomotives on the trackage. SOF ¶¶ 2 & 9.

**3. Preferred Freezer has not shown, nor can it show, past or potential "Actual and Substantial Injury".**

Injunctive relief is "not warranted where they are based on a generalized threat of lost revenue, market value, and goodwill." *Demarest v. City of Leavenworth*, CV-11-0072-JLQ, 2012 WL 13093598, at *2 (E.D. Wash. Feb. 28, 2012) (citing *Los Angeles Memorial Coliseum Com'n v. Nat'l Football League*, 634

F.2d 1197, 1202-03 (9th Cir. 1980)). "Speculative injury does not constitute irreparable injury." *Goldie's Bookstore, Inc. v. Superior Court of State of Cal.*, 739 F.2d 466, 472 (9th Cir. 1984).

Preferred Freezer has remained curiously silent regarding this essential element for obtaining injunctive relief. Preferred Freezer's only reference to its alleged "actual and substantial injury" is that Preferred Freezer is "exposed to an increased risk" of a potential event that could possibly result in Preferred Freezer being liable for damages that might result from the potential event. SOF ¶ 17.

Exposure to a risk of damages resulting from a possible future event does not show past or potential "actual and substantial injury".

**If This Court Grant's an Injunction, the Court Must Require Defendant to Post a Substantial Bond pursuant to RCW 7.40.080 and CR 65(c).**

It has been long established in Washington State that a party seeking injunctive relief must post a bond. "Where a statute requires the giving of a bond as a condition precedent to the granting of an injunction . . . it is error in such case to grant the injunction without the required bond." *W. Acad. of Beaux Arts v. De Bit*, 101 Wash. 42, 45, 171 P. 1036, 1037 (1918). Additionally, it is well-established that the court may not disregard the bond requirement. "[W]here a statute requires the giving of a bond as a condition precedent to the granting of an injunction, the court is not at liberty to disregard such statute[.]" *Irwin v. Estes*, 77 Wn.2d 285, 286, 461 P.2d 875, 876 (1969).

PLAINTIFF'S RESPONSE IN OPPOSITION TO
PREFERRED FREEZER SERVICES OF RICHLAND,
LLC'S MOTION FOR INJUNCTIVE RELIEF - 9

If this Court decides to grant Defendant's Motion for Injunctive Relief then RCW 7.40.080, CR 65(c), and Washington State caselaw interpreting RCW 7.40.080 and CR 65(c) requires this Court to compel Preferred Freezer to post a substantial bond.

## IV. CONCLUSION

Preferred Freezer's motion does not comply in any way with federal procedures or standards. It fails as a matter of federal procedural law. However, it also fails under the Washington State law standard.

Washington law has established that injunctive relief is only appropriate when the movant can show: 1) a clear legal or equitable right; 2) a well-grounded fear of immediate invasion of that right; and 3) an actual and substantial injury as a result.

Preferred Freezer's motion also fails on the facts. It does own the land it claims, and it accepted valid consideration to grant TCRY exclusive use of the tracks.

Because Preferred Freezer has not been able to establish any of the required elements for allowing injunctive relief, Plaintiff requests this Court to deny Preferred Freezer's Motion for Injunctive Relief.

Dated this __22nd__ day of April 2019.

**BEST LAW, PLLC**

  /Ryan M. Best
Ryan M. Best
Best Law PLLC
905 W. Riverside, Suite 409
Spokane, WA 99201
Telephone: (509) 624-4422
Email: ryan.best@bestlawspokane.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF System. The NEF for the foregoing specifically identifies recipients of electronic notice.

  *s/ Ryan M. Best*
RYAN M. BEST, WSBA No. 33672
905 W. Riverside, Ste. 409
Spokane, WA 99201
Phone: (509) 624-4422
Fax: (509) 703-7957
Email: ryan.best@bestlawspokane.com