UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TRI-CITY RAILROAD COMPANY, LLC, a Washington limited liability company<br><br>Plaintiff,<br><br>vs.<br><br>PREFERRED FREEZER SERVICES OF RICHLAND, LLC, a Delaware limited liability company<br><br>Defendant. | NO. 2:19-cv-00045-SAB<br><br>**DEFENDANT PREFERRED FREEZER SERVICES OF RICHLAND, LLC'S REPLY IN SUPPORT OF ITS MOTION FOR INJUNCTIVE RELIEF**<br><br>Hearing date: May 8, 2019<br>Without oral Argument |

The response submitted by Plaintiff Tri-City Railroad Company, LLC ("Plaintiff") both fails to comply with the Court's procedural rules and to raise any viable argument against the granting of this Motion for Injunctive Relief.

**I.** **Plaintiff's Response failed to comply with LCivR 7(f)(2) and should be stricken.**

This Court should strike Plaintiff's Response in Opposition to Preferred Freezer's Motion for Injunctive Relief (ECF No. 17) (hereinafter, "Response") because it fails to comply with the page limit requirements for responsive pleadings under LCivR 7(f)(2). Under LCivR 7(f)(2), responsive memoranda to non-dispositive motions are limited to 10-pages. The limit can only be

REPLY IN SUPPORT OF MOTION FOR INJUNCTIVE RELIEF - 1

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

exceeded by obtaining prior approval from the Court. LCivR 7(f)(5). Plaintiff's Response totals 14 pages, including a 4-page "Statement of Material Facts Not in Dispute."[1] (ECF No. 17 & 18).

Plaintiff attempts to avoid the page limit in LCivR 7(f)(2) by filing a separate "Statement of Material Facts Not in Dispute" under LCivR 56.1(c)(1)(B). LCivR 56.1 applies only to Summary Judgment Motions. LCivR 56(c)(1)(B) ("A party filing an opposition to a *motion for summary judgment* must separately file a "Statement of disputed material facts...") (emphasis added). Preferred Freezer's Motion for Injunctive Relief is not a motion for summary judgment. Both pleadings should be stricken from consideration.

## II. **Preferred Freezer satisfied federal and state requirements for injunctive relief**

The requirements for an injunction in federal and state court are very similar: (1) that the moving party has a substantial likelihood of prevailing on the merits; (2) that a substantial threat exists to the moving party of irreparable injury if the injunction is not granted; (3) the threatened injury outweighs the threatened harm that the injunction will cause the defendant; and (4) granting the injunction will not dissolve public interest. *Compare Matthews v. NCAA*, 79 F. Supp. 2d 1199, 1203 (E.D. Wash. 1999) *with Isthmian S.S. Co. v. Nat'l Marine Engineers' Benefit Ass'n,* 41 Wn.2d 106, 117, 247 P.2d 549 (1952).

**(1) Preferred Freezer will prevail on the merits because it terminated the Agreement on February 5, 2019.**

As argued in Preferred Freezer's Motion, Preferred Freezer terminated the Agreement with Plaintiff on February 5, 2019. ECF 14 at ¶3; ECF 15 at ¶3. At that point, any claim to "exclusivity" that Plaintiff may have had was void.[2] Plaintiff's continued presence on Preferred Freezer's Property after February 5, 2019 was unlawful and constituted trespass. ECF 13 at 3.

---

[1] Preferred Freezer disputes several of the claimed "material facts not in dispute" included in Plaintiff's Statement of Material Facts.

[2] Preferred Freezer in no way agrees, and absolutely disputes and denies, that Plaintiff had or has any claim to exclusive use of Preferred Freezer's Property.

REPLY IN SUPPORT OF MOTION FOR INJUNCTIVE RELIEF - 2

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

Preferred Freezer requested Plaintiff remove its Equipment from its Property at least three separate times. ECF 14 at ¶3; ECF 15 at ¶¶3-5. Plaintiff refused to remove its Equipment and now seeks monetary damages for its Equipment remaining on Preferred Freezer's Property. ECF 15 at ¶6.

Plaintiff argues that it has "exclusive use of the trackage as well as access to the trackage 24 hours a day, seven days per week." ECF 17 at 3. Any alleged claim of "exclusivity" ended when Preferred Freezer terminated the Agreement on February 5, 2019. ECF 14 at ¶3; ECF 15 at ¶3. Once the Agreement was terminated, Plaintiff's Equipment was no longer authorized to be on Preferred Freezer's Property and its continued presence constitutes trespass.

Plaintiff does not dispute that Preferred Freezer terminated the Agreement on February 5, 2019. Plaintiff further does not dispute that Preferred Freezer requested that Plaintiff remove its Equipment from Preferred Freezer's Property on three separate occasions, or that it has refused to remove its Equipment.

Plaintiff is also claiming monetary damages caused by its Equipment remaining on Preferred Freezer's Property. This would suggest that Plaintiff wants its Equipment returned. *See* ECF 15 at ¶6. Yet, Plaintiff ignored Preferred Freezer's requests to come collect its Equipment and is actively opposing Preferred Freezer's Motion request that the Equipment be removed. Plaintiff cannot have it both ways. Plaintiff cannot seek damages for unlawfully leaving its Equipment on Preferred Freezer's Property while simultaneously refusing all requests to come and collect it.

**(2) Preferred Freezer suffers irreparable harm if injunctive relief is not granted.**

As argued in its Motion, Preferred Freezer suffers irreparable harm if the requested injunctive relief is not granted. ECF 13 at 3-4. Plaintiff's refusal to remove its Equipment from Preferred Freezer's Property constitutes trespass and is a continuing harm to Preferred Freezer's

REPLY IN SUPPORT OF MOTION FOR INJUNCTIVE RELIEF - 3

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

Property rights. *Id.* Second, as argued in Preferred Freezer's Motion, Plaintiff is seeking monetary damages for its Equipment remaining on Preferred Freezer's Property. ECF 13 at 4. This harm is ongoing unless the Court grants the injunctive relief and compels Plaintiff to remove its Equipment from Preferred Freezer's Property.

It is undisputed that Preferred Freezer terminated the Agreement on February 5, 2019. It is undisputed that Preferred Freezer requested that Plaintiff remove its Equipment on at least three occasions. It is undisputed that Plaintiff is seeking damages for the Equipment remaining on Preferred Freezer's Property. Plaintiff wants Preferred Freezer to pay for its refusal to come and get its own Equipment. The irreparable harm to Preferred Freezer's property rights and its vulnerability to monetary damages is undisputed and its Motion should be granted.

### (3) Plaintiff is not harmed if injunctive relief is granted because they are seeking damages by virtue of their Equipment being on Preferred Freezer's Property.

Plaintiff does not argue or assert that it would be prejudiced. Rather, Plaintiff opposed Preferred Freezer's Motion because Plaintiff is seeking damages for its Equipment remaining on Preferred Freezer's Property. It is hard to imagine a scenario where Plaintiff is prejudiced by a Court Order compelling them to collect their Equipment that is unlawfully on Preferred Freezer's Property – particularly when Plaintiff's Answer to Preferred Freezer's counterclaim suggests that it wants its Equipment back.

### (4) Public interest is furthered by granting the injunctive relief requested.

Preserving property rights is in the public interest. This is axiomatic. Plaintiff acknowledges as much, stating, repeatedly, that the public interest "would not be disserved" by the relief requested. ECF No. 17 at 6. Removing the double negative, Plaintiff agrees that public interest would be served by the relief requested. Preferred Freezer's Motion should be granted.

REPLY IN SUPPORT OF MOTION FOR INJUNCTIVE RELIEF - 4

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

**(5) Plaintiff's Purported "Statement of Material Facts Not in Dispute" contains numerous disputed facts and several legal conclusions that should be stricken.**

Plaintiff improperly submitted a "Statement of Material Facts Not in Dispute" along with its opposition to Preferred Freezer's Motion. The Statement should be stricken, as it is not proper under LCivR 56.1 because Preferred Freezer's motion is not a motion for summary judgment. It also violates the page limits of Local Rule 7(f)(2) because it makes Plaintiff's Response 14-pages long.

Plaintiff's statement and supporting declaration are directed towards the merits of the underlying claims in this litigation and not towards Preferred Freezer's requested injunctive relief. The Statement of Facts and supporting declaration do not establish how Plaintiff would be prejudiced by removing its Equipment from Preferred Freezer's Property. It also does not contradict Preferred Freezer's evidence of harm caused by the continsued trespass. For all intents and purposes, the statement is largely irrelevant to whether injunctive relief should be granted.

Alternatively, should the Court consider Plaintiff's Statement, Preferred Freezer disputes numerous "facts" contained in the statement. The statement also contains numerous legal conclusions that should be stricken. For example, Plaintiff contends in Fact No. 2 that "The Agreement granted Tri-City Railroad the exclusive use of the trackage as well as access to the trackage 24 hours a day, seven days a week." This is reiterated in Fact No. 9. This is Plaintiff's interpretation of the Agreement terms – Preferred Freezer disputes that Plaintiff ever had "exclusive use" of the tracks to the exclusion of Preferred Freezer, which appears to be Plaintiff's position. Regardless, Preferred Freezer terminated the Agreement on February 5, 2019. Any claim of "exclusivity" is irrelevant to Preferred Freezer's request for relief.

Plaintiff also claims to have provided Preferred Freezer with a "credit" in January 2016. (Facts Nos. 4-5). Plaintiff asserts that this constituted "valid consideration" for the "Contract." (Fact No. 6). Whether there was "valid consideration" is an issue for the Court to determine

REPLY IN SUPPORT OF MOTION FOR INJUNCTIVE RELIEF - 5

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

because Preferred Freezer has challenged the validity of the Contract. ECF No. 5. Alleged facts No. 4 and 5 are disputed and Fact No. 6 is a legal conclusion and must be stricken from the Statement of Facts.

Fact No. 17 is also a legal conclusion regarding the evidence presented and must be stricken. Further, Fact No. 17 purports to conclude that Preferred Freezer failed to provide sufficient evidence of harm resulting from Plaintiff's continued trespass. Preferred Freezer provided testimony supporting its concerns related to its property right. Preferred Freezer also provided Plaintiff's Answer to Preferred Freezer's Counterclaim that states Plaintiff's intent to seek damages caused by the Equipment remaining on Preferred Freezer's Property. Plaintiff's legal conclusion as to the sufficiency of both is inappropriate for a "statement of undisputed facts" and should be stricken.

Moreover, Plaintiff goes to great lengths to paint Preferred Freezer's termination of the Agreement as retaliation for Plaintiff filing this lawsuit. This is deceptive – Plaintiff completely omits the fact that Preferred Freezer notified Plaintiff about the deficient services on January 29, 2019 in a letter prior to the filing of this lawsuit.[3] The letter also stated that Preferred Freezer had a basis to terminate the contract if the services did not improve.[4] Plaintiff filed this lawsuit shortly after receiving this letter. The Statement is peppered with similar omissions and inaccuracies. It is not a statement of "undisputed facts" and should be stricken from consideration.

## **CONCLUSION**

The issue before the Court on Preferred Freezer's Motion is whether Plaintiff should be required to come and remove its Equipment from Preferred Freezer's Property. Preferred

---

[3] *Declaration of Elizabeth K. Morrison in support of Defendant's Reply In Support of Motion for Injunctive Relief, ¶3, Ex. A.*
[4] *Id.*

REPLY IN SUPPORT OF MOTION FOR INJUNCTIVE RELIEF - 6

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

Freezer submitted documentation showing that the contract was terminated on February 5, 2019. Preferred Freezer submitted documentation showing that it repeatedly asked Plaintiff to remove its Equipment from its Property. To date, Plaintiff has refused. Plaintiff further claims monetary damages associated with the Equipment remaining on Preferred Freezer's Property despite Preferred Freezer's multiple requests to remove it. Plaintiff wants Preferred Freezer to pay for its refusal to come and get its Equipment.

Plaintiff does not have permission or a right to store its Equipment on Preferred Freezer's Property and its continued refusal to remove its Equipment constitutes trespass. Preferred Freezer's property right is continuously being violated as a result. Preferred Freezer also faces the risk of monetary harm caused by Plaintiff's claimed damages associated with the Equipment being stored on Preferred Freezer's Property. It is axiomatic that the invasion to Preferred Freezer's Property right and the threat of monetary harm is the exact harm that injunctive relief is intended to remedy. Plaintiff has not established that it will be prejudiced by being required to come and retrieve its own Equipment. Preferred Freezer has satisfied the prerequisites for injunctive relief and its Motion should be granted.

DATED this 29th day of April, 2019.

GORDON & REES SCULLY MANSUKHANI, LLP

*s/Elizabeth K. Morrison*
Elizabeth K. Morrison, WSBA No. 43042
Mark B. Tuvim, WSBA No. 31909
Attorneys for Defendant Preferred Freezer Services of Richland, LLC
mtuvim@grsm.com
emorrison@grsm.com

REPLY IN SUPPORT OF MOTION FOR INJUNCTIVE RELIEF - 7

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

# CERTIFICATE OF SERVICE

I certify under penalty of perjury under the laws of the State of Washington that on this date I filed the foregoing document with the Clerk of the Court which sent an automatic CM/ECF email to all counsel of record as listed below:

**Attorney for Plaintiff**
Ryan M. Best
Best Law PLLC
905 W. Riverside, Suite 409
Spokane, WA 99201
Ryan.best@bestlawspokane.com

Dated this 29th day of April 2019.

　　　　　　　　　　　　　　　　　*/s/ Angela M. Kendrick*
　　　　　　　　　　　　　　　　　Angela M. Kendrick

CERTIFICATE OF SERVICE – 1

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822