FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 03, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TRI-CITY RAILROAD COMPANY, LLC, a Washington limited liability company,<br><br>　　Plaintiff,<br><br>　　v.<br><br>PREFERRED FREEZER SERVICES OF RICHLAND, LLC, a Delaware limited liability company<br><br>　　Defendant. | No. 2:19-cv-00045-SAB<br><br>**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION** |

　　Before the Court is Defendant's Motion for Preliminary Injunction, ECF No. 13. The motion was heard without oral argument. Plaintiff is represented by Ryan Best. Defendant is represented by Elizabeth Morrison.

　　Defendant asks the Court to issue an injunction compelling Plaintiff to remove its three full-size locomotives and a switching locomotive from its cold storage warehouse facility. Defendant argues that having the trains stay on its properly infringes on its right to exclusive possession of the property. Plaintiff responds that it, not Defendant, has exclusive use of the track and therefore it has a right to keep its trains on Defendant's property.

//

**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION ~ 1**

## Motion Standard

"A preliminary injunction is a matter of equitable discretion and is 'an extraordinary remedy that may only be awarded upon a clear showing that a plaintiff is entitled to such relief.'" *California v. Azar*, 911 F.3d 558, 575 (9th Cir. 2018) (quoting *Winter v. NRDC*, 555 U.S. 7, 22 (2008)). "A party can obtain a preliminary injunction by showing that (1) it is 'likely to succeed on the merits,' (2) it is 'likely to suffer irreparable harm in the absence of preliminary relief,' (3) 'the balance of equities tips in [its] favor,' and (4) 'an injunction is in the public interest.'" *Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017) (alteration in original) (quoting *Winter*, 555 U.S. at 20). The Ninth Circuit uses a "sliding scale" approach in which the elements are "balanced so that a stronger showing of one element may offset a weaker showing of another." *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017) (quotation omitted).

Likelihood of success on the merits is the most important factor; if a movant fails to meet this threshold inquiry, the court need not consider the other factors. *Disney*, 869 F.3d at 856 (citation omitted). A plaintiff seeking preliminary relief must "demonstrate that irreparable injury is likely in the absence of an injunction." *Winter*, 555 U.S. at 22. The analysis focuses on irreparability, "irrespective of the magnitude of the injury." *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 725 (9th Cir. 1999). Economic harm is not normally considered irreparable. *L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1202 (9th Cir. 1980).

## Analysis

Usually preliminary injunctions are aimed at preserving the status quo and preventing the occurrence of irreparable harm during the course of litigation. Here, Defendant is asking to alter the status quo. Also, Defendant has not made an adequate showing of irreparable harm in the absence of the granting of the injunction. As such, the Court declines to impose the requested preliminary injunction.

**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION ~ 2**

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Preliminary Injunction, ECF No. 13, is **DENIED**.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order and forward copies to counsel.

**DATED** this 3rd day of June 2019.



Stanley A. Bastian
United States District Judge

**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION ~ 3**