UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TRI-CITY RAILROAD COMPANY, LLC, a Washington limited liability company,<br><br>    Plaintiff,<br><br>    v.<br><br>PREFERRED FREEZER SERVICES OF RICHLAND, LLC, a Delaware limited liability company<br><br>    Defendant. | No. 2:19-cv-00045-SAB<br><br>**ORDER GRANTING MOTION TO COMPEL** |

    Before the Court are Plaintiff's Motion for Protective Order, ECF No. 52, and Defendant's Motion to Compel, ECF No. 55. The motions were heard without oral argument and on an expedited basis.[1] Plaintiff is represented by Nicholas D. Kovarik, Whitny L. Norton and Ryan W. Reynolds. Defendant is represented by Elizabeth Morrison and Mark B. Tuvim.

### Background Summary

    Plaintiff Tri-City Railroad entered into a "Rail Service Management and Track Use Agreement" with Defendant Preferred Freezer Services of Richland. Plaintiff alleges the contract gives it exclusive use right of certain railroad tracks

---

[1] The Court concludes that oral argument is not necessary. *See* LR 7(i)(3)(iii).

**ORDER GRANTING MOTION TO COMPEL ~ 1**

and asserts Defendant separately leased these tracks to Lamb Weston and others. Defendant argues that Plaintiff breached the contract and is bringing a breach of contract counterclaim.

The parties are now at a stand-still with respect to whether Plaintiff must produce its Profit and Loss Statements from 2009 to the present. Defendant asserts the documents are relevant to Plaintiff's alleged damages in the lawsuit. Plaintiff argues the requested documents are not proportional to the needs of the case and are irrelevant to the damages asserted in this action.

**Motion Standard**

Fed. R. Civ. P. 26 permits parties to obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). In determining whether discovery should be produced, the Court considers the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *Id.* Information need not be admissible in evidence to be discoverable. *Id.*

The Court may limit the frequency or extent of a parties' discovery obligations if it determines that (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C).

A party may move for a protective order from its discovery obligations, which the Court may, for good cause, grant to protect the party from annoyance, embarrassment, oppression, or undue burden or expense. "The burden is on the

**ORDER GRANTING MOTION TO COMPEL ~ 2**

party seeking the order to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004).

A party may move to compel disclosure of requested discovery. Fed. R. Civ. P. 37(a)(1). If such a motion is granted, the court must, after giving an opportunity to be heard, require the party to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. Fed R. Civ. P. 37(a)(5).

## Analysis

Here, the requested Profit and Loss Records are discoverable. They are relevant to the issue of damages, proportional to the needs of the case, are not unduly burdensome—given that Plaintiff has already produced the same Profit and Loss statements in response to another lawsuit in which Plaintiff is also a plaintiff—and the requested span of years for the Profit and Loss Statements are not overbroad.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for a Protective Order, ECF No. 52, is **DENIED**.
2. Defendant's Motion to Compel, ECF No. 55, is **GRANTED**.
3. The parties' Motion to Expedite, ECF No. 54, is **GRANTED**.
4. Plaintiff is ordered to provide full and complete responses to Defendant's Request for Production No. 25 within seven (7) court days from the date of this Order.

//
//
//
//
//
//
//

**ORDER GRANTING MOTION TO COMPEL ~ 3**

5.   Defendant is granted leave to file its request for reasonable expenses pursuant to Fed. R. Civ. P. 37(a)(5). Such request should be filed within ten (10) days from the date of this Order and noted for hearing according to the Local Rules.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order and forward copies to counsel.

**DATED** this 3rd day of February 2020.



_____
Stanley A. Bastian
United States District Judge

**ORDER GRANTING MOTION TO COMPEL ~ 4**