UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TRI-CITY RAILROAD COMPANY, LLC, a Washington limited liability company,<br><br>　　Plaintiff,<br><br>　　v.<br><br>PREFERRED FREEZER SERVICES OF RICHLAND, LLC, a Delaware limited liability company<br><br>　　Defendant. | No. 2:19-cv-00045-SAB<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Before the Court is Plaintiff's Motion for Partial Summary Judgment Against Defendant Preferred Freezer Services of Richland, LLC, ECF No. 38. The motion was heard without oral argument. Plaintiff is represented by Nicholas D. Kovarik, Whitny L. Norton and Ryan W. Reynolds. Defendant is represented by Mark B. Tuvim and John J. Hutson.

### Background Summary

Plaintiff Tri-City Railroad entered into a "Rail Service Management and Track Use Agreement" with Defendant Preferred Freezer Services of Richland. Plaintiff alleges the contract gives it exclusive use right of certain railroad tracks and asserts Defendant separately leased these tracks to Lamb Weston and others. Defendant argues that Plaintiff breached the contract and is bringing a breach of

**ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 1**

contract counterclaim.

Plaintiff now moves for partial summary judgment, seeking an Order from this Court that pursuant to the 2016 Rail Service Management and Track Use Agreement, Plaintiff was granted the exclusive right to manage and operate the rail activities at Defendant's Richland Facility.

**2016 Rail Service Management and Track Use Agreement**

In 2015, Defendant built a new freezer warehouse facility near Richland, Washington, which included a railyard. The railyard was connected to tracks owned by the Port of Benton and the City of Richland.[1] Around this time, Plaintiff and Defendant entered into an agreement in which Plaintiff provided all the switching services for Defendant; in return, Defendant would not pay for the service, but it granted exclusive right to Plaintiff to Defendant's tracks. That initial agreement was modified, and the parties entered into the 2016 Rail Service Management and Track Use Agreement. ECF No. 1, Ex. 1.

The 2016 Agreement provided:

> 3. Duties of TCRY. TCRY agrees to manage and control the rail function at PREFERRED's new facility, including the movement of all railcars, securing railcars for loading, and the associated administrative services for freight rail movement, pursuant to the following terms:
>     a. TCRY will manage and control the rail activities on a twenty-four hour, seven-day per week basis.
>     b. TCRY will switch and spot railcars at the facility loading doors in accordance with the then current service schedule in place between the PARTIES.
>     c. TCRY will manage and control the railcar activity at the facility for all inbound and outbound railcars coming to and from the facility. TCRY will use its best efforts to achieve an efficient rail

---

[1] The City of Richland owned about a mile of track between the Port of Benton track and the site of the new facility. The railyard had one track that connected to the City of Richland track, which branched into four spurs.

**ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 2**

operation on the tracks for PREFERRED's loading and unloading of the railcars whether the railcars are owned by UPRR, BNSF, CRYX, or others.

 d. TCRY will manage and inspect PREFERRED's tracks and provide routine maintenance of the tracks. TCRY is not responsible for repairs or improvements to the tracks.

 e. TCRY will order all railcars from UPRR and BNSF, based on the weekly loading forecast provided by PERFERRED.

 f. TCRY will use its best effort working with all railcar owners so that PREFERRED has clean and mechanically sound railcars for loading.

4. Duties of PREFERRED. PREFERRED agrees that TCRY will manage and control the rail function at PREFERRED's new facility, including the movement of all railcars, securing railcars for loading, and the associated administrative services for freight rail movement.

 a. PREFERRED grants TCRY exclusive use of the tracks.

 b. PREFERRED grants TCRY access to the tracks on a twenty-four hour, seven-day per week basis.

 c. PERFERRED will provide TCRY a minimum twelve hour advance notice for any change in the service schedule in place between the PARTIES.

 d. PREFERRED will provide a weekly loading forecast to TCRY on or before 5 PM each Wednesday two weeks prior to the week it is requesting receipt of the railcars.

## Motion Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

**ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 3**

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).

When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

In the contract interpretation context, summary judgment is improper if the parties' written contract, viewed in light of the parties' other objective manifestations, has two or more reasonable but competing meanings. *Diamond B. Constructors, Inc. v. Granite Falls Sch. Dist.*, 117 Wash.App 157, 161 (2003). 2016.

## Analysis

Here, there is no dispute that the 2016 Agreement grants Plaintiff exclusive use of Defendant's tracks. Instead, the parties disagree about what that means. Plaintiff asks the Court to find that the 2016 Agreement grants it the exclusive right to manage and operate the rail activities at Defendant's Richland Facility. Defendant argues that the 2016 Agreement gives Plaintiff the right to use the tracks in the process of servicing its need, to the exclusion of third parties—but not to the exclusion of Defendant itself.

Plaintiff's interpretation may be correct, but it is not clear from the four corners of the contract that this is so. The contract gives it the exclusive right to use Defendant's tracks, but that does not necessarily mean that it has exclusive right to

manage and operate the rail activities at Defendant's Richland Facility. On the other hand, Defendant's interpretation may be correct, but it is not clear from the four corners of the contract that this is so. As such, summary judgment is not appropriate.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Partial Summary Judgment, ECF No. 38, is **DENIED**.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order and forward copies to counsel.

**DATED** this 27th day of February 2020.



Stanley A. Bastian
United States District Judge

**ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 5**