FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 13, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TRI-CITY RAILROAD COMPANY, LLC, a Washington limited liability company,<br><br>    Plaintiff,<br><br>    v.<br><br>PREFERRED FREEZER SERVICES OF RICHLAND, LLC, a Delaware limited liability company<br><br>    Defendant. | No. 2:19-CV-00045-SAB<br><br>**ORDER ADDRESSING PENDING MOTIONS** |

Before the Court are Plaintiff's Motion for Partial Summary Judgment, ECF No. 70; Defendant's Motion for Summary Judgment, ECF No. 81; Defendant's Motion for Summary Judgment to Dismiss Plaintiff's Amended Complaint, ECF No. 85, and Plaintiff's Motion to Strike, ECF No. 103. The telephonic hearing was held on the motions on July 9, 2020. Ryan W. Reynolds represented Plaintiff and Mark B. Tuvim represented Defendant.

**Background Summary**

Defendant Preferred Freezer Services of Richland owns a freezer warehouse facility near Richland, Washington. The facility includes a railyard. In 2016, Plaintiff Tri-City Railroad entered into a "Rail Service Management and Track Use Agreement" with Defendant, in which Plaintiff agreed to provide switching

**ORDER ADDRESSING PENDING MOTIONS ~ 1**

services at the railyard. In exchange, Plaintiff would receive exclusive use of the tracks. Plaintiff asserts Defendant breached the Agreement by failing to facilitate third party payments to it for use of the tracks and by separately leasing the tracks to others. Defendant argues Plaintiff breached the Agreement and is bringing a breach of contract counterclaim.

## Motion Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).

When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

**ORDER ADDRESSING PENDING MOTIONS ~ 2**

When parties submit cross-motions for summary judgment, each motion must be considered on its own merits. *Fair Housing Council of Riverside Cty., Inc. v. Riverside Tow*, 249 F.3d 1132, 1136 (9th Cir. 2001) (citation omitted). In doing so, the Court must review the evidence submitted in support of each cross-motion. *Id.* Also, while the filing of cross-motions for summary judgment suggests both parties are asserting that there are no uncontested issues of material fact, the court must independently determine whether disputed issues of material fact are present. *Id.*

## Applicable Law

Washington follows the objective manifestation theory of contracts, focusing on the objective manifestation of the agreement, rather than the less precise subjective intent of the parties. *Hearst Comm'ns, Inc. v. Seattle Times Co.*, 154 Wash. 2d 493, 503 (2005). When interpreting a contract under Washington law, the Court attempts to "ascertain the parties' intentions and give effect to their intentions." *Taylor-Edwards Warehouse & Transfer Co. of Spokane, Inc. v. Burlington N., Inc.*, 715 F.2d 1330, 1334 (9th Cir. 1983) (citing *Jones v. Hollingsworth*, 88 Wash. 2d 322, 326 (1977)).

Words in a contract are given their ordinary, usual, and popular meaning unless the entirety of the agreement clearly demonstrates a contrary intent. *Hearst Comm'ns,* 154 Wash.2d at 504. Courts should interpret what was written, not what was intended to be written, *id.*, and interpret contract language to give reasonable, fair, just, and effective meaning to all manifestations of intention. *Pub. Util. Dis. No. 1 of Lewis Cty. v. Wash. Pub. Power Supply Syst.*, 104 Wash. 2d 353 (1985). Under Washington law, extrinsic evidence is only admissible "as to the entire circumstances under which the contract was made, as an aid in ascertaining the parties' intent." *Berg v. Hudesman*, 115 Wash. 2d 657, 667 (1990). When a contract is unambiguous and its formation is undisputed, the interpretation of the contract is a question of law that is appropriate for resolution on summary

**ORDER ADDRESSING PENDING MOTIONS ~ 3**

judgment. *Id.* On the other hand, summary judgment is improper if the parties' written contract, viewed in light of the parties' other objective manifestations, has two or more reasonable but competing meanings. *Diamond B. Constructors, Inc. v. Granite Falls Sch. Dist.*, 117 Wash. App 157, 161 (2003).

Under Washington law, a party must prove three elements to establish a breach of contract claim: (1) the existence of a valid contract; (2) a breach of that contract; and (3) damages. *Univ. of Wash. v. Gov. Empl. Ins. Co.*, 200 Wash. App. 455, 467 (2017). A material breach is one that substantially defeats a primary function of the contract. *Top Line Builders, Inc. v. Bovenkamp*, 179 Wash. App. 794, 808 (2014). The materiality of a breach is a question of fact. *Id.*

## Analysis

Previously, the Court held there is no dispute that the 2016 Agreement grants Plaintiff exclusive use of Defendant's tracks. ECF No. 66. However, there were questions of material fact regarding what that means. *Id.* Plaintiff argues Paragraph 4a and Paragraph 13 of the 2016 Agreement impose a duty on Defendant, as owner of the tracks, to enforce the exclusivity clause by facilitating payments from third party users of their tracks. Defendant responds that Plaintiff waived any claims with respect to the exclusivity clause because it acquiesced to the presence of the third parties on the tracks.

While it is clear the 2016 Agreement does not explicitly require Defendant to take steps to facilitate payments from third-party users of the track, the parties' intention regarding whether this clause imposes a duty on Defendant depends, in part, on the meaning of "exclusive use of the tracks." The Court has already held this is a question for the jury to decide. Similarly, the intent of the parties with respect to the scope of the duty of good faith and cooperation set forth in Paragraph 13 is not clear and will need to be determined by the jury. Similarly, genuine issues of material fact exist as to whether Plaintiff voluntarily consented to the presence of third parties' railcars. For these reasons, Plaintiff's Motion for Partial Summary

**ORDER ADDRESSING PENDING MOTIONS ~ 4**

1  Judgment, ECF No. 70, is denied.

2      Genuine issues of material fact exist as to whether Plaintiff materially breach
3  the 2016 Agreement. As such, Defendant's Motion for Summary Judgement on its
4  counter breach of contract claim, ECF No. 81, is denied.

5      With respect to Defendant's Motion for Summary Judgment to Dismiss
6  Plaintiff's Amended Complaint, the Court cannot determine as a matter of law that
7  Plaintiff's breach of contract and trespass claims should be dismissed because
8  genuine issues of material fact exist that preclude summary judgment. The Court
9  agrees, however, that Plaintiff's Second Request for Declaratory Judgment claim is
10 moot and Plaintiff's Fourth Request for Declaratory Judgment is premature. As
11 such, the Court grants Defendant's Motion for Summary Judgment to Dismiss
12 Plaintiff's Amended Complaint, ECF No. 85, with respect to Plaintiff's Second
13 Request for Declaratory Judgment and Fourth Request for Declaratory Judgment.
14 //
15 //
16 //
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28     Accordingly, **IT IS HEREBY ORDERED**:

**ORDER ADDRESSING PENDING MOTIONS ~ 5**

1. Plaintiff's Motion for Partial Summary Judgment, ECF No. 70, is **DENIED**.

2. Defendant's Motion for Summary Judgment, ECF No. 81, is **DENIED.**

3. Defendant's Motion for Summary Judgment to Dismiss Plaintiff's Amended Complaint, ECF No. 85, is **GRANTED**, in part, and **DENIED**, in part,

4. Plaintiff's Motion to Strike, ECF No. 103 is **DENIED**, with leave to renew.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order and forward copies to counsel.

**DATED** this 13th day of July 2020.



Stanley A. Bastian
United States District Judge

**ORDER ADDRESSING PENDING MOTIONS ~ 6**